**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| STEAMFITTERS LOCAL 449 PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>Dennis Alter, William A. Rosoff, Philip M. Browne, Christopher J. Carroll, David B. Weinstock, John F. Moore, Robert S. Blank, Max Botel, Thomas P. Costello, Dana Becker Dunn, Robert Lubner, Olaf Olafsson, and Michael Stolper,<br><br>Defendants. | Civil Action No. 09-cv-4730- CMR |

**MOTION FOR CLARIFICATION RELATING TO PAGE LIMITS**

Defendants Dennis Alter, William A. Rosoff, Philip M. Browne, Christopher J. Carroll, David B. Weinstock, John F. Moore, Robert S. Blank, Max Botel, Thomas P. Costello, Dana Becker Dunn, Ronald Lubner, Olaf Olafsson and Michael A. Stolper, hereby seek clarification regarding this Court's Policies and Procedures governing page limits for memoranda filed in support of motions. In support of their Motion, the defendants state as follows:

1. On August 3, 2010, plaintiff filed a 105-page, 214-paragraph Amended Complaint against thirteen individual defendants. The Amended Complaint contains three counts, each alleging a violation of the federal securities laws, including claims for securities fraud and insider trading.

2. The defendants' motions to dismiss the Amended Complaint are due to be filed on or before October 18, 2010.

3. Pursuant to the Court's Policies and Procedures, each defendant is entitled to file a fifteen page memorandum in support of his/her motion to dismiss.

4. Here, rather than file thirteen separate motions, the three groups of defense counsel are working together to avoid duplication and they intend to submit one memorandum addressing numerous common arguments. In addition, certain defendants intend to join in the main motion and, simultaneously, file individual motions presenting arguments that are unique to and applicable to them.

5. The Court's Policies and Procedures do not address the issue of page limits when multiple defendants – for purposes of efficiency – seek to consolidate arguments in motions presenting common issues.

6. Here, given the length of the Amended Complaint, the number of defendants, the number of legal issues, and the complex nature of securities litigation generally, defendants respectfully request that the Court allow the defense group to file one or more opening memoranda in support of their various motions to dismiss, which memoranda may individually exceed fifteen pages, but will not exceed a total of 150 pages for all defendants (instead of the 195 pages that they are entitled to on an individual basis).

7. Defendants believe that this is necessary to provide them with a full and fair opportunity to present their arguments against the serious charges alleged. In addition,

proceeding this way will assist the Court by promoting efficiency and actually reducing the level of briefing.

8. The need for defendants to proceed on this basis is especially compelling given that the plaintiff had the opportunity to tell its "story" – without any page limitation – in a 105-page Amended Complaint.

9. Defendants attempted to negotiate a stipulation with the plaintiff covering the relief requested herein, but their efforts were unsuccessful.

**CONCLUSION**

WHEREFORE, the defendants respectfully request that this Court enter an Order providing that defendants may file one or more opening memoranda in support of their motions to dismiss that individually exceed fifteen pages, but do not exceed 150 pages in the aggregate.

Dated: October 11, 2010

Respectfully submitted,

s/ Sarah L. Westbrook

Steven B. Feirson (21357)
Michael L. Kichline (62293)
Sarah L. Westbrook (91623)
Dechert LLP
Cira Centre, 2929 Arch Street
Philadelphia, PA 19104
(215) 994-4000

*Attorneys for Dennis Alter, William A. Rosoff, Philip M. Browne, David B. Weinstock, Robert S. Blank, Max Botel, Thomas Costello, Dana Becker Dunn, Robert Lubner, Olaf Olafsson, and Michael Stolper*

Ann Ryan Robertson

Thomas R. Ajamie
Wallace A. Showman
Ann Ryan Robertson
Ajamie LLP
Pennzoil Place - South Tower
711 Louisiana, Suite 2150
Houston, Texas 77002

*Attorney for Christopher J. Carroll*

Jeffery A. Dailey

David L. Comerford
Jeffery A. Dailey
Akin Gump Strauss Hauer & Feld LLP
Two Commerce Square
2001 Market Street, Suite 4100
Philadelphia, PA 19103

*Attorney for John F. Moore*

**CERTIFICATE OF SERVICE**

I, Sarah L. Westbrook, do hereby certify that on October 11, 2010, I caused a copy of the foregoing Defendants' Motion For Clarification Relating To Page Limits to be served by the Court's ECF system upon the following:

| | |
|---|---|
| Deborah R. Gross<br>Law Offices Bernard M. Gross, P.C.<br>Wanamaker Bldg., Suite 450<br>100 Penn Square East<br>Philadelphia, PA 19107<br><br>*Liason Attorney for Plaintiff* | Thomas R. Ajamie<br>Wallace A. Showman<br>Ann Ryan Robertson<br>Ajamie LLP<br>Pennzoil Place - South Tower<br>711 Louisiana, Suite 2150<br>Houston, Texas 77002<br><br>*Attorney for Christopher J. Carroll* |
| Douglas R. Britton<br>Shannon M. Matera<br>Robbins Gellar Rudman & Dowd LLP<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101<br><br>*Lead Attorney for Plaintiff* | David L. Comerford<br>Jeffery A. Dailey<br>Akin Gump Strauss Hauer & Feld LLP<br>Two Commerce Square<br>2001 Market Street, Suite 4100<br>Philadelphia, PA 19103<br><br>*Attorney for John F. Moore* |

s/ Sarah L. Westbrook
Sarah L. Westbrook