UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEAMFITTERS LOCAL 449 PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ADVANTA CORP., et al.,<br><br>Defendants. | Civil Action No. 2:09-cv-04730-CMR<br><br>CLASS ACTION |

LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR CLARIFICATION RELATING TO PAGE LIMITS

Lead Plaintiff respectfully opposes defendants' Motion for Clarification Relating to Page Limits, which seeks permission to file up to 150 pages of legal memoranda in support of defendants' motions to dismiss. Such lengthy memoranda are not only unnecessary given the overlapping factual and legal positions of the defendants, but also will place an incredible (and again unnecessary) burden on the Court since it will likely result in over 300 pages of total briefing for the Court's consideration in connection with defendants' motions to dismiss (150 for the motions, 150 for the opposition, and an unknown number of pages for the reply). The parties, and not Your Honor, should bear the burden of narrowing the issues in this case through concise legal memoranda.

In nearly any case, including (as defendants admit) the Advanta securities litigation, all defendants have the same set of facts and standards of law to lay out in their respective motions to dismiss. And in securities fraud cases, defendants holding similar positions at a defendant company have virtually identical legal arguments. Given this substantial overlap of fact, law and argument, the common practice in securities fraud cases is for defendants to jointly file one motion to dismiss.

Here, there are two groups of defendants: (1) directors; and (2) senior executives. The individuals within each group held similar positions at Advanta, such that their legal arguments will substantially overlap. Allowing the two groups of defendants to jointly set forth their understanding of the overlapping facts, law and arguments, frees up additional pages for defendants to lay out any defendant-specific arguments within one motion to dismiss. For this reason, plaintiff proposes that allowing defendants to file one joint 45-page motion on behalf of all defendants or separate motions not to exceed 45-pages in the aggregate is not only reasonable, but generous.[1]

[1] Through the meet-and-confer process, defendants declined to accept plaintiff's 45-page proposal. In an effort to avoid Your Honor's intervention, plaintiff also set forth a 75-page proposal, which defendants also declined. Plaintiff strongly believes that 45 pages is the most reasonable proposal.

Common sense and judicial economy demand that defendants' motion should be denied.[2]

DATED: October 11, 2010

Respectfully submitted,

ROBBINS GELLER RUDMAN
& DOWD LLP
DOUGLAS R. BRITTON
SHANNON M. MATERA

s/ SHANNON M. MATERA
SHANNON M. MATERA

655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiff

LAW OFFICES OF BERNARD M.
GROSS, P.C.
DEBORAH R. GROSS
Wanamaker Bldg., Suite 450
100 Penn Square East
Philadelphia, PA 19107
Telephone: 215/561-3600
215/561-3000 (fax)

Liaison Counsel

---

2 Defendants' suggestion that Your Honor's alternative is to comb through 195 pages of briefing is misleading. Again, a large part of each motion would merely echo defendants' overlapping facts, law and arguments before setting forth any defendant-specific argument. To circumvent page limitations by cross-referencing the facts, law or argument set forth in other defendants' memoranda would violate Your Honor's Policies and Procedures.

CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2010, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 11, 2010.

s/ SHANNON M. MATERA
SHANNON M. MATERA

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail: smatera@rgrdlaw.com

# Mailing Information for a Case 2:09-cv-04730-CMR

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **JEFFREY ROBERT BOLES**
  jeffrey.boles@dechert.com
- **DOUGLAS R. BRITTON**
  dougb@csgrr.com,e_file_sd@csgrr.com
- **DAVID L. COMERFORD**
  dcomerford@akingump.com,dromani@akingump.com
- **JEFFERY A. DAILEY**
  jdailey@akingump.com,dromani@akingump.com
- **STEVEN B. FEIRSON**
  steven.feirson@dechert.com
- **DEBORAH R. GROSS**
  debbie@bernardmgross.com
- **MICHAEL L. KICHLINE**
  michael.kichline@dechert.com,lisa.ricchezza@dechert.com
- **SHANNON MCKENNA MATERA**
  SMatera@csgrr.com,e_file_sd@csgrr.com
- **DANIELLE S. MYERS**
  danim@csgrr.com
- **SARAH L. WESTBROOK**
  sarah.westbrook@dechert.com,lisa.ricchezza@dechert.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**THOMAS R. AJAMIE**
AJAMIE LLP
PENNZOIL PLACE-SOUTH TOWER
711 LOUISIANA SUITE 2150
HOUSTON, TX 77002