UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEAMFITTERS LOCAL 449 PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br> v.<br><br>DENNIS ALTER, WILLIAM A. ROSOFF, PHILIP M. BROWNE, CHRISTOPHER J. CARROLL, DAVID B. WEINSTOCK, JOHN F. MOORE, ROBERT S. BLANK, MAX BOTEL, THOMAS P. COSTELLO, DANA BECKER DUNN, RONALD LUBNER, OLAF OLAFSSON and MICHAEL A. STOLPER,<br><br>     Defendants. | Civil Action No. 2:09-cv-04730-CMR |

## ORDER

AND NOW, this _____ day of _____ 2010, upon consideration of John F. Moore's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), memorandum of law in support thereof, and any response thereto, it is hereby ORDERED that said Motion is GRANTED and Plaintiff's claims against John F. Moore are DISMISSED in their entirety with prejudice.

                             _____
                             The Honorable Cynthia M. Rufe

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEAMFITTERS LOCAL 449 PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>  v.<br><br>DENNIS ALTER, WILLIAM A. ROSOFF, PHILIP M. BROWNE, CHRISTOPHER J. CARROLL, DAVID B. WEINSTOCK, JOHN F. MOORE, ROBERT S. BLANK, MAX BOTEL, THOMAS P. COSTELLO, DANA BECKER DUNN, RONALD LUBNER, OLAF OLAFSSON and MICHAEL A. STOLPER,<br><br>     Defendants. | Civil Action No. 2:09-cv-04730-CMR |

## **DEFENDANT JOHN F. MOORE'S MOTION TO DISMISS**

Defendant John F. Moore hereby moves to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of this motion, Mr. Moore relies upon, and incorporates by reference herein, the accompanying Memorandum of Law and Memorandum in Support of Motion of Management Defendants to Dismiss the Amended Complaint.

**WHEREFORE**, John F. Moore requests that this Court dismiss Plaintiff's claims with prejudice and enter an Order in the form attached hereto.

Respectfully submitted,

/s/ Paul T. McGurkin, Jr.
David L. Comerford (Pa. I.D. No. 65969)
Jeffery A. Dailey (Pa. I.D. No. 85993)
Paul T. McGurkin, Jr. (Pa. I.D. No 205772)
Akin Gump Strauss Hauer & Feld LLP
Two Commerce Square
2001 Market Street, Suite 4100
Philadelphia, PA 19103
Telephone: (215) 965-1200
Facsimile: (215) 965-1210

Dated: October 18, 2010

Counsel for Defendant, John F. Moore,

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEAMFITTERS LOCAL 449 PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>v.<br><br>DENNIS ALTER, WILLIAM A. ROSOFF, PHILIP M. BROWNE, CHRISTOPHER J. CARROLL, DAVID B. WEINSTOCK, JOHN F. MOORE, ROBERT S. BLANK, MAX BOTEL, THOMAS P. COSTELLO, DANA BECKER DUNN, RONALD LUBNER, OLAF OLAFSSON and MICHAEL A. STOLPER,<br><br>                Defendants. | Civil Action No. 2:09-cv-04730-CMR |

**MEMORANDUM OF LAW IN SUPPORT OF JOHN F. MOORE'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

## INTRODUCTION

Of the three counts in Plaintiff's amended complaint, Plaintiff asserts only two against defendant John F. Moore: Count II for allegedly exercising control over Advanta Corporation ("Advanta Corp.") and causing it to commit securities fraud, under Section 20(a) of the Exchange Act ("Section 20(a)"); and Count III for alleged insider trading relating to sales of Advanta Corp. stock by Mr. Moore, under Section 20A of the Exchange Act ("Section 20A"). The claims against Mr. Moore must be dismissed for three principal reasons, in addition to those set forth in the Memorandum in Support of Motion of Management Defendants to Dismiss the Amended Complaint ("Management Defendants' Memorandum") in which Mr. Moore joins.

First, Plaintiff has not pleaded an actionable primary violation of the Exchange Act, as required to maintain Plaintiff's claims against Mr. Moore.

Second, Plaintiff's Section 20(a) fails because: (1) Plaintiff failed to bring the Section 20(a) claim against Mr. Moore within two years of discovering the facts constituting the alleged violation; (2) Plaintiff has not alleged that Mr. Moore was a control person of Advanta Corp; and (3) Plaintiff has not alleged that Mr. Moore was a culpable participant in the alleged fraud.

Third, Plaintiff's insider trading claim under Section 20A fails for the independent reason that Plaintiff did not purchase its stock contemporaneously with Mr. Moore's sales. Plaintiff's purchases were seventeen, thirty-one and one-hundred days after Mr. Moore's last sale, which is well beyond the same day trading requirement adopted by every court in this Circuit that has addressed the issue.

## PLAINTIFF'S AMENDED COMPLAINT

Lead Plaintiff Western Pennsylvania Electrical Employees Pension Fund ("Plaintiff") filed a one hundred and eight (108) page, two-hundred and fourteen (214) paragraph amended complaint ("Am. Compl.") against several former officers and directors of Advanta Corp., on behalf of all persons who purchased or otherwise acquired the Class A and/or Class B common stock of Advanta Corp. between October 16, 2006 and January 30, 2008. Defendant John F. Moore is not alleged to have been an officer or director of Advanta Corp. Nonetheless, Plaintiff asserts Section 20A and 20(a) violations against Mr. Moore, the former president of Advanta Bank Corporation ("Bank Corp."), a subsidiary of Advanta Corp. Plaintiff alleges certain defendants, who were Advanta Corp.'s officers and directors, and Mr. Moore, sold a majority of their Advanta Corp. stock because they were aware that its customer base did not have the high

credit quality Advanta Corp. publicly claimed they had and "its improving credit loss and delinquency rates were false." Am. Compl. ¶ 2.

The Amended Complaint reveals that Plaintiff was aware no later than January 30, 2008 that defendants allegedly defrauded investors in order to hide Advanta Corp.'s true financial condition. Am. Compl. ¶ 190 ("On January 30, 2008, Advanta admitted that it had to drastically increase its loan loss provisions for the fourth quarter of 2007, representing a charge of $0.39 a share. Since it had covered up the true financial condition of its credit portfolio by, among other practices, masking delinquencies, it had not properly accounted for EPS, net income, pre-tax income, net receivables, credit losses and receivables during the Class Period."); *see also id.* at ¶ 113 ("On January 30, 2008, defendants belatedly disclosed the ultimate effects on earnings *of their Class Period scheme to defraud investors.*") (emphasis added). According to Plaintiff, as a result of this information, "Advanta's stock price dropped during unusually heavy trading volume from the previous day's close of $8.38 by 6.3% to a low of $7.85 per Class A share, and from $9.65 by 6.7% to a low of $9.00 per Class B share." *Id.* at ¶ 190; *see also id.* at ¶ 191 ("the significant decline in Advanta's stock price at the end of the Class Period was a direct result of the nature and extent of defendants' fraud finally being revealed.").

Mr. Moore's name appears only twelve times in the entire Amended Complaint. Am. Compl. ¶¶ 1, 9, 47, 55, 79, 85, 120, 158, 159, 161, 163, 164. Four of the references simply identify Mr. Moore (Am. Compl. ¶ 1), the amount of his compensation (*id.* at ¶ 163), stock sales that are outside of the Class Period and are not the basis of Plaintiff's claims (*id.* at ¶ 161), and the purported financial impact to Mr. Moore of change of control events that never happened (*id.* at ¶ 9). Five other references simply note that Mr. Moore sold a minority of the Advanta Corp. shares he owned during the Class Period. Am. Compl. ¶¶ 79, 85, 158, 159, 164. The three

remaining references are conclusory and lack sufficient details to support Plaintiff's claims. Plaintiff pleads that Mr. Moore was president of Bank Corp. (Am. Compl. ¶ 47), and that "Moore participated in the issuance of false and misleading statements, including the preparation of the press releases and SEC filings alleged herein". *Id.* Without any specificity of how Mr. Moore allegedly "participated", Plaintiff pleads as part of an impermissible group allegation against all defendants that "because of their positions with the Company, [defendants] possessed the power and authority to control the contents of Advanta's quarterly reports, press releases and presentations to securities analysts, money and portfolio managers, and institutional investors, *i.e.*, the market." Am. Compl. ¶ 55. Finally, Plaintiff alleges that Mr. Moore signed, on behalf of Bank Corp., certain FDIC cease and desist orders (*id.* at ¶ 120), which specifically did not admit wrongdoing, and which do not form the basis of Plaintiff's claims. *See* FDIC Cease and Desist Orders, attached as Exhibit "A".

Plaintiff does not allege that Mr. Moore violated Rule 10b-5. Plaintiff also does not plead any specific fraudulent statements, knowledge and/or actions by Mr. Moore. For example:

- Mr. Moore is not alleged to have made any public statement;

- Mr. Moore is not alleged to have held any position at Advanta Corp. or to have played any role in the management of Advanta Corp. Plaintiff alleges only that Mr. Moore was president of a subsidiary. (Am. Compl. at ¶ 47);

- Mr. Moore is not alleged to have instructed any person or group to make false statements;

- He is not alleged to have signed any Form 10-K's or 10-Q's (*id.* at ¶¶ 65, 83, 174);

- He is not alleged to have participated in any conference calls for analysts, investors and media representatives (*id.* at ¶¶ 58, 66, 74, 87, 96, 109);

- He is not alleged to have made any stock sales after the issuance of the internal audit reports Plaintiff references. *Id.* at ¶ 159.

As such, Plaintiff's claims must be dismissed.

4

# ARGUMENT

## I. PLAINTIFF'S CLAIMS FAIL BECAUSE PLAINTIFF HAS NOT ALLEGED A PRIMARY VIOLATION

To be liable under Section 20(a) or Section 20A, "there must exist an independent violation of the federal securities laws." *In re Nutrisystem, Inc. Sec. Litig.*, 653 F. Supp. 2d 563, 580 (E.D. Pa. 2009) (dismissing Section 20(a) claim where plaintiffs failed to plead an actionable Rule 10b-5 claim); *see also In re NAHC, Inc. Sec. Litig.*, 00-4020, 2001 U.S. Dist. LEXIS 16754, *72 (E.D. Pa. Oct. 17, 2001) (dismissing Section 20(a) claim where plaintiffs failed to plead a predicate violation of the Exchange Act); *In re Aetna Inc. Sec. Litig.*, 34 F. Supp. 2d 935, 957 (E.D. Pa. 1999) (dismissing Section 20A claim where Section 10b-5 claim failed); *Jackson Nat'l Life Ins. Co. v. Merrill Lynch & Co.*, 32 F.3d 697, 704 (2d Cir. 1994) ("in order to state a claim under §20A, [plaintiffs] must plead as a predicate an independent violation of the '34 Act.").

For the reasons set forth in the Management Defendants' Memorandum and Section II of this memorandum, Plaintiff failed to plead a primary violation of the Exchange Act. Therefore, the Section 20(a) and Section 20A claims against Mr. Moore must be dismissed.

## II. PLAINTIFF'S SECTION 20(a) CLAIM ALSO FAILS BECAUSE IT IS TIME-BARRED AND PLAINTIFF FAILS TO ALLEGE THAT MR. MOORE WAS A CONTROL PERSON OR WAS A CULPABLE PARTICIPANT IN THE ALLEGED FRAUD

Section 20(a) of the Exchange Act establishes liability for "control persons" based upon violations of Section 10(b). "To state a claim, the plaintiff must allege: [1] a primary violation of the federal securities laws by a controlled person; [2] control of the primary violator by the defendant; and [3] that the controlling person was in some meaningful way a culpable participant in the primary violation." *In re Ravisent Tech., Inc. Sec. Litig.*, No. 00-CV-1014, 2004 U.S. Dist. LEXIS 13255, *59 (E.D. Pa. July 12, 2004).

5

### A. Plaintiff's Section 20(a) Claim Is Time-Barred

Plaintiff's Section 20(a) must be dismissed because Plaintiff failed to bring the claim against Mr. Moore within two years as required by federal securities laws. The two-year statute of limitations period for Section 20(a) claims "begins to run once the plaintiff did discover or a reasonably diligent person would have 'discover[ed] the facts constituting the violation' -- whichever comes first." *Merck & Co. v. Reynolds*, 130 S. Ct. 1784, 1798 (2010) (quoting 28 U.S.C. § 1658(b)(1)); *Dalicandro v. Legalgard, Inc.*, No. 99-3778, 2004 U.S. Dist. LEXIS 2253, *16 n.9 (E.D. Pa. Jan. 21, 2004) ("the statute of limitations for claims brought pursuant to § 10(b) applies with equal force to claims brought pursuant to § 20(a) of that statute").

Plaintiff admits that no later than January 30, 2008, Plaintiff discovered the alleged scheme to defraud Advanta's shareholders. *See* Am. Compl. ¶¶ 113, 190. Therefore, Plaintiff was required to assert its securities fraud claims by January 30, 2010. Plaintiff did not file the Section 20(a) claim against Mr. Moore until August 3, 2010 -- more than six months after the statute of limitations expired. *See generally* Am Compl. The Section 20(a) claim against Mr. Moore must therefore be dismissed as untimely. *Lieberman v. Cambridge Partners, L.L.C.*, No. 03-2317, 2004 U.S. Dist. LEXIS 11553, *13 n.16 (E.D. Pa. June 21, 2004) (Rufe, J.) (dismissing, *inter alia*, Rule 10b-5 and Section 20(a) claims because they were filed beyond the statute of limitations period).

### B. Plaintiff Fails To Allege That Mr. Moore Was A Control Person

"In order to establish controlling person liability under [Section 20(a)], a defendant must possess 'actual control over the transaction in question.'" *In re Digital Island Sec. Litig.*, 223 F. Supp. 2d 546, 561 (D. Del. 2002) (quoting *Antinoph v. Lavarell Reynolds Securities, Inc.*, 1989 WL 102585, *5 (E.D. Pa. Sept. 5, 1989), *aff'd mem.*, 911 F.2d 719 (3d Cir. 1990); *see also Jacobs v. Coopers & Lybrand, L.L.P.*, 97 Civ. 3374, 1999 U.S. Dist. LEXIS 2102, *49 (S.D.N.Y.

Mar. 1, 1999) ("To withstand a motion to dismiss, a plaintiff must plead facts from which it can be inferred that the alleged controlling person had the power to control or influence, directly or indirectly, the corporation or its management."); *Anwar v. Fairfield Greenwich Ltd.*, 09 Civ. 0118, 2010 U.S. Dist. LEXIS 86716, *132 (S.D.N.Y. Aug. 18, 2010) ("in order to plead control, a plaintiff must plead that the defendant had actual control over the primary violator and transaction at issue."). "[I]f the complaint fails to tie [the individual defendants'] positions to their practical control over the 'actions of the people' who committed the acts giving rise to primary liability on the *Rule 10b-5* claim, then dismissal of the Section 20(a) claim is necessary." *Morse v. McWhorter*, 200 F. Supp. 2d 853, 902 (M.D. Tenn. 1998) (quoting *Stavroff v. Meyo*, 1997 U.S. App. LEXIS 32774, *21 n.5 (6th Cir. Nov. 12, 1997)) (emphasis in original).

Plaintiff asserts the Section 20(a) claim based solely on Mr. Moore's role as president of Bank Corp., a subsidiary of Advanta Corp. Plaintiff does not allege that Mr. Moore signed Advanta Corp.'s SEC filings or served any role at Advanta Corp. Instead, Plaintiff attempts to lump Mr. Moore in with the directors and officers of his former employer's parent company without explaining why such allegations are warranted. *See, e.g.*, Am. Compl. ¶ 55 (alleging that certain of Advanta Corp.'s directors and officers, as well as Mr. Moore, because of their positions with Advanta Corp. (which Mr. Moore is not alleged to have had), had the "power and authority" to control Advanta Corp.'s public statements). Such allegations are group pleadings prohibited by the Third Circuit. *Snowstorm Acquisition Corp. v. Tecumseh Products Co.*, No. 09-866-SLR, 2010 WL 3735383, *14 (D. Del. Sept. 21, 2010) (dismissing Section 20(a) claims against certain defendants where plaintiff failed to pled with particularity how those defendants were in control of the company and instead relied on group pleadings) (citing *Winer Family Trust v. Queen*, 503 F.3d 319, 334 (3d Cir. 2007).

The only allegations that specifically reference Mr. Moore are insufficient to plead an actionable Section 20(a) claim. *Copland v. Grument*, 88 F. Supp. 2d 326, 335 (D.N.J. 1999) (holding that involvement in a subsidiary is insufficient to plead that a defendant was a "control person" of the parent company). Mr. Moore did not hold any position at Advanta Corp., only subsidiary Bank Corp. Am. Compl. ¶ 47. Plaintiff does not allege how Mr. Moore exercised control over an entity in which he held no position. Plaintiff's Section 20(a) claim must be dismissed against Mr. Moore because Plaintiff has failed to tie Mr. Moore's position as president of subsidiary Bank Corp. to control over Advanta Corp.'s public statements.

In addition, Mr. Moore cannot be liable for actions undertaken at Bank Corp. because Plaintiff did not allege an Exchange Act violation by Bank Corp. *Ravens v. Republic New York Corp.*, Civil Action No. 99-4981, 2002 U.S. Dist. LEXIS 12162, *57 (E.D. Pa. April 22, 2002) ("[an officer of a subsidiary] cannot be liable as a controlling person where the Amended Complaint has failed to plead a predicate violation of Section 10(b) or Rule 10b-5 against [the subsidiary].").

### C. Plaintiff Fails To Allege Culpable Participation By Mr. Moore

In addition, the Section 20(a) must be dismissed because Plaintiff has not alleged culpable participation by Mr. Moore in the alleged fraud. *See Digital Island,* 223 F. Supp. 2d at 561 ("the heightened pleading standard of the PSLRA requires that a claim under Section 20(a) state with particularity the circumstances of both the defendants' control of the primary violator, as well as of the defendants' culpability as controlling persons."); *see also Ravisent*, 2004 U.S. Dist. LEXIS 13255 at *59 (recognizing that plaintiffs are required to plead culpable participation); *Payne v. DeLuca*, 433 F. Supp. 2d 547, 611 (W.D. Pa. 2006) (requiring plaintiffs to allege culpable participation).

Plaintiff improperly attempts to use group pleading to lump Mr. Moore in with the other defendants. The Third Circuit has held that the group pleading doctrine did not survive the specific pleading requirements of the PSLRA. *Winer Family Trust*, 503 F.3d at 334. As such, Plaintiff was required to plead how Mr. Moore culpably participated in the alleged fraud.

"[T]o withstand a motion to dismiss, a control person claim 'must plead with particularity facts giving rise to a strong inference that the controlling person knew or should have known that the primary violator, over whom that person had control, was engaging in fraudulent conduct.'" *Lautenberg Found. v. Madoff*, No. 09-816, 2009 U.S. Dist. LEXIS 82084, *41 (D.N.J. Sept. 9, 2009) (quoting *Lapin v. Goldman Sachs Group, Inc.*, 506 F. Supp. 2d 221, 247 (S.D.N.Y. 2006); *see also In re Bristol- Myers Squibb Sec. Litig.*, No. 00-1990, 2005 U.S. Dist. LEXIS 18448, *182 (D.N.J. Aug. 17, 2005) (culpable participation is met where the facts show the control person "knew or should have known that the primary violator…was engaged in fraudulent conduct, but [] did nothing to prevent it") (quoting *Dietrich v. Bauer*, 126 F. Supp. 2d 759, 765-66 (S.D.N.Y. 2001)). Culpable participation "may be premised on inaction, but only if it is apparent that the inaction intentionally furthered the fraud or prevented its discovery." *Rochez Brothers, Inc. v. Rhoades*, 527 F.2d 880, 890 (3d Cir. 1975).

This Circuit's prohibition of group pleading means that Plaintiff cannot meet its burden of pleading culpable participation by claiming that Mr. Moore was aware of the alleged fraudulent conduct and/or prevented the discovery of such conduct due to his position. *See Winer Family Trust*, 503 F.3d at 337. "The PSLRA requires plaintiffs to specify the role of each defendant, demonstrating each defendant's involvement in misstatements and omissions." *Id.* at 335-36. Plaintiff has not pleaded that Mr. Moore was aware of any fraudulent conduct at Advanta Corp., assisted in the alleged fraud or prevented the discovery of the fraud. As such,

9

Plaintiff's Section 20(a) claim must be dismissed because Plaintiff has failed to allege any culpable participation by Mr. Moore.

### III. PLAINTIFF'S SECTION 20A CLAIM FAILS BECAUSE PLAINTIFF'S ALLEGED TRADES WERE NOT CONTEMPORANEOUS WITH THOSE OF MR. MOORE

"To maintain a private cause of action for 'insider trading' under §20A, a plaintiff must establish that he or she traded 'contemporaneously' with the defendant." *Copland*, 88 F. Supp. 2d at 337 (citing 15 U.S.C. § 78l-1(a)); *see also Buban v. O'Brien*, No. C 94-0331 FMS, 1994 WL 324093 (N.D. Cal. June 22, 1994) (granting motion to dismiss where it was clear that plaintiff could not have traded with defendant because the purchasers of defendant's shares paid more than plaintiff did for his shares). The only district courts to have addressed the issue in this Circuit have held that for plaintiffs to satisfy the "contemporaneous" requirement and plead an insider trading claim under Section 20A, a plaintiff must allege that "he or she bought stock on the **same dates** on which the defendant's sales took place." *Copland*, 88 F. Supp. 2d at 338 (emphasis added); *see also In re Able Labs. Sec. Litig.*, No. 05-2681, 2008 U.S. Dist. LEXIS 23538, *102 (D.N.J. Mar. 24, 2008) ("Therefore, in order to satisfy the contemporaneity prong of *section 20A*, Plaintiff must allege that the insider trading occurred on the same day as Plaintiff's trade.") (emphasis in original); *see also In re Fed. Nat'l. Mortgage Ass'n Sec., Derivative, and ERISA Litig.*, 503 F. Supp. 2d 25, 47 (D.D.C. 2007) (requiring trades to be made on the same day to be contemporaneous); *In re Microstrategy, Inc. Sec. Litig.*, 115 F. Supp. 2d 620, 664 (E.D. Va. 2000) (dismissing plaintiff's trades that were not made on the same day as defendant's sales because they were not contemporaneous); *In re AST Research Sec. Litig.*, 887 F. Supp. 231, 234 (C.D. Cal. 1995) ("The Court concludes that the same-day definition of 'contemporaneous' is proper-i.e., the sale by an insider and subsequent purchase by an aggrieved party must occur on the same day."); *In re Aldus Sec. Litig.*, No. C92-885C, 1993 WL 121478, *7 (W.D. Wash. Mar.

10

1, 1993) (dismissing Section 20A claims against a defendant for lack of contemporaniety where plaintiffs did not trade on the days of the allegedly wrongful sales); *In re Stratus Computer, Inc. Sec. Litig.*, Civ. A. 89-2075-Z, 1992 WL 73555, *6 (D. Mass. Mar. 27, 1992) (adopting same day definition of contemporaneous).

Certain courts outside this Circuit have applied a more lenient standard, but still require plaintiffs' purchases to be less than a week after defendants' sales to qualify as contemporaneous. *See In re Enron Corp. Sec. Litig.*, 258 F. Supp. 2d 576, 601 (S.D. Tex. 2003) ("this Court finds that two or three days, certainly less than a week, constitute a reasonable period to measure the contemporaneity of a defendant's and a plaintiff's trades under §20A."); *In re Silicon Graphics, Inc. Sec. Litig.*, No. C 96-0393, 1996 WL 664639, *9 (N.D. Cal. Sept. 25, 1996) ("only purchases within six days of insider trading sales are truly contemporaneous"); *Gerstein v. Micron Tech. Inc.*, No. 89-1262, 1993 WL 735031, *8 (D. Idaho Jan. 9, 1993) (holding that purchases made more than four days after the insider's sale were too late).

Plaintiff pleads that it bought stock on three dates, April 19, 2007, May 3, 2007 and July 20, 2007. Am. Compl. ¶ 212. The latest date it pleads Mr. Moore sold stock was April 2, 2007. *Id.* at ¶¶ 158, 213. Therefore, Plaintiff alleges it purchased stock seventeen, thirty-one and one-hundred days after Mr. Moore made his last sale. These dates are well outside the timeframe that courts have found to be contemporaneous. Because Plaintiff did not trade contemporaneously with Mr. Moore, Plaintiff's §20A claim must be dismissed.

## **CONCLUSION**

For each of the foregoing reasons, and the reasons set forth in the Management Defendants' Memorandum, defendant John F. Moore respectfully requests that the Court dismiss Plaintiff's Amended Complaint with prejudice, and enter an order in the form attached hereto.

                                                              Respectfully submitted,

                                                              /s/ Paul T. McGurkin, Jr.
                                                              David L. Comerford (Pa. I.D. No. 65969)
                                                              Jeffery A. Dailey (Pa. I.D. No. 85993)
                                                              Paul T. McGurkin, Jr. (Pa. I.D. No 205772)
                                                              Akin Gump Strauss Hauer & Feld LLP
                                                              Two Commerce Square
                                                              2001 Market Street, Suite 4100
                                                              Philadelphia, PA 19103
                                                              Telephone: (215) 965-1200
                                                              Facsimile: (215) 965-1210

Dated: October 18, 2010                           Counsel for Defendant, John F. Moore

## **CERTIFICATE OF SERVICE**

I, Paul T. McGurkin, Jr., hereby certify that on October 18, 2010, I caused a true and correct copy of the foregoing Motion to Dismiss and Memorandum of Law in Support thereof to be served upon all counsel of record via the Court's electronic filing system.

/s/ Paul T. McGurkin Jr.
Paul T. McGurkin, Jr.
