IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEAMFITTERS LOCAL 449<br>PENSION FUND,<br>    Plaintiff, | : <br> : <br> : <br> : | |
| v. | : <br> : | CIVIL ACTION<br>NO. 09-4730 |
| DENNIS ALTER, *et al.*<br>    Defendants. | : <br> : <br> : | |

**FILED**

SEP 1 2 2011

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

**O R D E R**

**AND NOW,** this 12th day of September 2011, upon review of Plaintiff's Motion

to Strike [Doc. No. 51] and Defendants' Response in Opposition [Doc. No. 58], and upon review

of the relevant factors governing such motions,[1] it is hereby **ORDERED** that Plaintiff's Motion

is **GRANTED** as follows:

Plaintiff's Motion to Strike is **GRANTED** as to the internal audits Defendants attached as

Exhibit 7 to Doc. No. 43 and Exhibits A and B to Doc. No. 41, as the Court finds Plaintiff has

not relied upon the internal audits themselves, which they had not seen prior to Defendants'

filing of Doc. Nos. 41 and 43, but rather used other sources of information regarding the audits as

a factual basis for their claims.

Plaintiff's Motion to Strike is also **GRANTED** as to Defendants' use of information from

Advanta's SEC filings or FDIC orders, where offered for the truth asserted, except to the extent

that those documents are also relied upon by Plaintiff for the truth asserted therein.  For example,

the Court will not consider the public statement that "Alter and Rosoff requested that their

---

[1] The Court may consider extraneous documents without converting a motion to dismiss to a motion for summary judgment only when 1) the document is undisputedly authentic; 2) the plaintiff relied upon the document in the complaint and it formed the basis of plaintiff's claims.  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

bonuses not exceed 50% of target for 2007" for the truth asserted at this point in the litigation.

It is so **ORDERED.**

                                        **BY THE COURT:**


                                        _____
                                        **CYNTHIA M. RUFE, J.**