UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WESTERN PENNSYLVANIA ELECTRICAL EMPLOYEES PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>DENNIS ALTER, et al.,<br><br>Defendants. | Civil Action No. 2:09-cv-04730-CMR<br><br>CLASS ACTION |

LEAD PLAINTIFF'S OPPOSITION TO DEFENDANT
DENNIS ALTER'S EMERGENCY MOTION FOR CLARIFICATION

Styling Mr. Alter's motion as an "emergency" does little to disguise it from being another inappropriate motion for reconsideration, and even less to establish an "emergency." Underscoring the motion's needless intrusion on the Court's time, Mr. Alter simply recycles issues and arguments already thoroughly and thoughtfully considered by the Special Master and the Court. There is no need, and Mr. Alter offers no sound basis, for the Court to revisit these matters. Rather, by inserting a meet-and-confer requirement in the proposed order, Mr. Alter again attempts to forestall the parties from finally reaching the truth regarding the disputed hard drive. Accordingly, the motion should be denied.

Mr. Alter's concerns about privilege and privacy remain – as they were when already fully briefed, argued and considered by the Special Master – misplaced. First, Mr. Alter's hard drive and all the purportedly confidential and privileged materials on it have already been in the hands of another vendor for Mr. Alter's production in April. Second, LDiscovery, the very vendor Mr. Alter's counsel suggested and contracted with for the FTI production, is only tasked through the Court's Order with conducting a forensic review of the content on Mr. Alter's hard drive in order to compare it to FTI's document production. No one is viewing any documents at this point. The parties will, however, receive data from the comparison to determine the extent to which the respective content is duplicative. As the Special Master, in his Report & Amended Recommended Order #5 ("5th R&R") (Dkt. No. 131) concluded, this process does not entail a threat to privileged or confidential materials: "A forensic comparison of the Alter Hard Drive to the FTI database should not infringe upon defendant Alter's right to protect privileged communications." 5th R&R at 12, ¶5. Mr. Alter's repeated concerns regarding purportedly confidential information ignores the parameters of LDiscovery's task, assumes that LDiscovery would violate its professional obligations and contract, and discredits the confidentiality agreement that governs discovery in this case.

In any event, Mr. Alter's theory that the attorney-client privilege will be violated by this forensic review fails. The Third Circuit recently acknowledged the proliferation of electronic discovery in litigation today, noting that some sources estimate "approximately 95% of all documents were created by electronic means." *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158, 160 n.1 (3d Cir. 2012), *cert. denied*, __ U.S. __, 133 S. Ct. 233 (2012). Given this reality, parties and their counsel must rely on outside vendors to collect, store, and make use of electronic discovery. It is therefore not surprising that courts recognize that disclosure of documents to e-discovery vendors does not violate or waive any purported privilege. *Bro-Tech Corp. v. Thermax*, No. 05-CV-2330, 2008 U.S. Dist. LEXIS 21233, at *17 (E.D. Pa. Mar. 17, 2008) (Rufe, J.) (citing *Westinghouse Elec. Corp. v. Republic of Philippines*, 951 F.2d 1414, 1424 (3d Cir. 1991)).

Tellingly, Mr. Alter does not cite any contrary case law, offering the Court only generic statements that communications between attorneys and clients are privileged. Yet the Special Master, anticipating that the results of LDiscovery's forensic examination may generate additional discovery requests, specifically allowed that "defendant Alter will be afforded the same opportunity to review any responsive data for relevance and privilege" before producing any additional documents to plaintiff or other parties. 5th R&R at 12, ¶5. The Court did not modify this provision of the Report & Recommendation in its September 6 Order. Dkt. No. 165. Further, as the Special Master noted: "The Court's Protective Order, negotiated by the parties, further protects defendant from waiver of privilege in the event of an inadvertent disclosure of privileged communications during LDiscovery's inspection and analysis." 5th R&R at 12, ¶5.

Thus, Mr. Alter's concerns are, to say the least, overstated. On the other hand, the accuracy of LDiscovery's forensic review will be significantly undermined if anything on the hard drive is removed or modified, raising concerns about prejudice to plaintiff if Mr. Alter's purported privilege concerns are given credence. Indeed, the sole purpose of a meet-and-confer requirement is to give

Mr. Alter yet another platform to argue for withholding documents, knowing full well stripping anything from the hard drive will render the forensic comparison's results indefinite and inconclusive. Similarly, allowing yet further delay in the process, an appeal to the Special Master, and in all likelihood, another appeal to the Court, expends needless time and expense. The Court should not credit Mr. Alter's assertions and deny the motion.

DATED: September 12, 2013

Respectfully submitted,

ROBBINS GELLER RUDMAN
& DOWD LLP
DOUGLAS R. BRITTON
JAMES A. CAPUTO
ASHLEY M. PRICE
SUSANNAH R. CONN

s/ DOUGLAS R. BRITTON

DOUGLAS R. BRITTON

655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiff

LAW OFFICES OF BERNARD M.
GROSS, P.C.
DEBORAH R. GROSS
Wanamaker Bldg., Suite 450
100 Penn Square East
Philadelphia, PA 19107
Telephone: 215/561-3600
215/561-3000 (fax)

Liaison Counsel

CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2013, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 12, 2013.

s/ DOUGLAS R. BRITTON
DOUGLAS R. BRITTON

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail: dougb@rgrdlaw.com

# Mailing Information for a Case 2:09-cv-04730-CMR

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **THOMAS R. AJAMIE**
  tajamie@ajamie.com,pfuchs@ajamie.com,dszak@ajamie.com,dmolloy@ajamie.com
- **ALEXANDER BILUS**
  sandy.bilus@dechert.com
- **DOUGLAS R. BRITTON**
  dougb@rgrdlaw.com,kathyj@rgrdlaw.com,e_file_sd@rgrdlaw.com
- **JAMES A. CAPUTO**
  jimc@rgrdlaw.com,jillk@rgrdlaw.com
- **DAVID L. COMERFORD**
  dcomerford@akingump.com,dromani@akingump.com
- **JEFFERY A. DAILEY**
  jdailey@akingump.com,dromani@akingump.com
- **JOHN S. EDWARDS , JR**
  jedwards@ajamie.com
- **DAVID W. ENGSTROM**
  dwe@dwengstromlaw.com
- **STEVEN B. FEIRSON**
  steven.feirson@dechert.com
- **DEBORAH R. GROSS**
  debbie@bernardmgross.com
- **MICHAEL L. KICHLINE**
  michael.kichline@dechert.com,lisa.ricchezza@dechert.com
- **DAVID H. MARION**
  dmarion@archerlaw.com,pdadario@archerlaw.com
- **PAUL T. MCGURKIN , JR**
  pmcgurkin@akingump.com
- **DANIELLE S. MYERS**
  danim@rgrdlaw.com
- **ASHLEY M. PRICE**

aprice@rgrdlaw.com,e_file_SD@rgrdlaw.com

- **ANN RYAN ROBERTSON**
  arobertson@ajamie.com

- **WALLACE A. SHOWMAN**
  wshowman@ajamie.com

- **DAVID J. STANOCH**
  david.stanoch@dechert.com

- **STUART T. STEINBERG**
  stuart.steinberg@dechert.com

- **SARAH L. WYATT**
  sarah.wyatt@dechert.com,lisa.ricchezza@dechert.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**SUSANNAH R. CONN**
ROBBINS GELLER RUDMAN & DOWD LLP
655 W. BROADWAY SUITE 1900
SAN DIEGO, CA 92101