IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WESTERN PENNSYLVNIA ELECTRICAL EMPLOYEES PENSION FUND, individually and on behalf of others similarly situated, Plaintiffs, v. DENNIS ALTER, et al., Defendants.** | **CIVIL ACTION NO. 09-4730** file |
| **WILLIAM E. UNDERLAND, et al., individually and on behalf of others similarly situated, Plaintiffs v. DENNIS ALTER, et al., Defendants.** | **CIVIL ACTION NO. 10-3621** X |

FILED
SEP 16 2013
MICHAEL E. KUNZ, Clerk
By______ Dep. Clerk

**ORDER**

**AND NOW**, this 16th day of September 2013, upon review of the attached correspondence, it is hereby **ORDERED** that Defendant Dennis Alter's Emergency Motion for Clarification is **DISMISSED** as **WITHDRAWN.**

It is so **ORDERED.**

**BY THE COURT:**

Cynthia M. Rufe

**CYNTHIA M. RUFE, J.**

ENTERED
SEP 16 2013
CLERK OF COURT

Dechert LLP

Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
+1 215 994 4000 Main
+1 215 994 2222 Fax
www.dechert.com

**STEVEN B. FEIRSON**

steven.feirson@dechert.com
+1 215 994 2489 Direct
+1 215 655 2489 Fax

September 13, 2013

**VIA FAX**

The Honorable Cynthia M. Rufe
United States District Court
for the Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street, Suite 12614
Philadelphia, PA 19106-1797

Re: *Underland v. Alter*, No. 10-3621 (E.D. Pa.) (the "1933 Act case");

*Western Pennsylvania Electrical Employees Pension Fund v. Alter*, No. 09-4730 (E.D. Pa.) (the "1934 Act case");

Dear Judge Rufe:

I write on behalf of Dennis Alter and in connection with Mr. Alter's Emergency Motion for Clarification (the "Motion").

As the Court knows, Mr. Alter filed the Motion to obtain clarification that the Court's September 9, 2013 Order, which approved and adopted in substantial part the Special Discovery Master's Fifth Report and Amended Recommendation (the "5th R&R"), recognizes that Mr. Alter continues to maintain an interest in protecting any privileged, private, and/or confidential information on the Alter Hard Drive. In particular, by filing the Motion, Mr. Alter sought to ensure that procedures were put in place to ensure the following:

- That turning over the hard drive to LDiscovery would not in any way violate Mr. Alter's right to protect privileged, private, or confidential material from disclosure;

- All of the data on the hard drive shall be kept separate and inaccessible to all persons or entities other than LDiscovery;

- LDiscovery shall not view the documents on the hard drive; shall confine its review of the data to the extent necessary to perform the forensic comparison; shall not copy, distribute, or in any fashion disseminate the data or its content to anyone; and shall not disclose any privileged, private or confidential information in any required report; and

- Plaintiffs shall have no ex parte communications with LDiscovery about the hard drive or the data on the hard drive and shall be prohibited from viewing any documents.

In response to the Motion, plaintiff's counsel has made a number of representations and assurances to the Court and Mr. Alter. For example, plaintiff's counsel has represented that "LDiscovery . . . is only tasked through the Court's Order with conducting a forensic review of the content on Mr. Alter's hard drive in order to compare it to FTI's document production. No one is viewing any documents at this point." (Case No. 09-4730; Doc. No. 168.) Plaintiff's counsel has further represented that "this process does not entail a threat to privileged or confidential materials" and that the "Special Master . . . specifically allowed that 'defendant Alter will be afforded the same opportunity to review any responsive data for relevance and privilege' before producing any additional documents to plaintiff or other parties." *Id.* (quoting 5th R&R at 12, ¶ 5). In addition, the Special Master has separately confirmed in his September 12, 2013 letter to the Court that Mr. Alter's concerns about protecting his interest in privileged, private, and/or confidential information are "fully addressed in section IV, paragraph 5 (page 12)" of his Recommendation.

Given the assurances and representations by plaintiff's counsel, including the pledge that "no one" will view the documents at this time and that Mr. Alter will have the opportunity to perform a privilege, confidentiality, and responsiveness review prior to any production of any data on the Alter Hard Drive, Mr. Alter respectfully withdraws the Motion. Mr. Alter will proceed in reliance on these assurances and representations and deliver the Alter Hard Drive and the applicable Orders to Jack Krutsick of LDiscovery today (at their Fort Washington office). To ensure a proper chain of custody, Mr. Alter will have LDiscovery acknowledge in writing its receipt of the hard drive and the applicable Orders of this Court. Thereafter, counsel for Mr. Alter will confer with plaintiffs and LDiscovery on the appropriate procedures for moving forward with the forensic comparison.

Respectfully,

Steven B. Feirson /AN

Steven B. Feirson

SBF/arb

cc: All counsel (via e-mail)
Special Discovery Master David Marion (via email)