UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WESTERN PENNSYLVANIA ELECTRICAL EMPLOYEES PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>DENNIS ALTER, et al.,<br><br>Defendants. | Civil Action No. 2:09-cv-04730-CMR<br><br>CLASS ACTION |

FILED
APR 22 2014
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, a class action is pending in the Court entitled *Western Pennsylvania Electrical Employees Pension Fund v. Dennis Alter, et al.*, Civil Action No. 2:09-cv-04730-CMR (the "Litigation");

WHEREAS, the Settling Parties having made application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order approving the Settlement of this Litigation, in accordance with a Stipulation of Settlement dated March 13, 2014 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a Settlement of the Litigation and for dismissal of the Litigation with prejudice as against the Defendants upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation; and

NOW THEREFORE, IT IS HEREBY ORDERED:

1. The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein as being fair, reasonable, and adequate as to the Class Members, subject to further consideration at the Settlement Hearing described below.

2. The Court hereby certifies a Class, for settlement purposes only, defined as: "all Persons who purchased or otherwise acquired Advanta Class A and/or Class B common stock between October 16, 2006 and January 30, 2008, inclusive, excluding all Defendants, their families or any trust of which any Defendant is the settler or which is for the benefit of any Defendant's family. Also excluded from the Class are those Persons who validly and timely request exclusion from the Class."

3. With respect to the Class, this Court finds for purposes of effectuating this Settlement only that (a) the Members of the Class are so numerous that joinder of all Class Members in the

- 1 -

Litigation is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual questions; (c) the claims of the Lead Plaintiff are typical of the claims of the Class; (d) Lead Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

4.  A hearing (the "Settlement Hearing") shall be held before this Court on August 4, 2014, at 10:30 a.m., at the United States District Court for the Eastern District of Pennsylvania, James A. Byrne United States Courthouse, 601 Market Street, Philadelphia, PA 19106, to determine whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate as to the Class and should be approved by the Court; whether the Final Order and Judgment, substantially in the form of Exhibit B and C to the Stipulation, should be entered herein; whether the Plan of Allocation should be approved; and to determine the amount of fees and expenses that should be awarded to Lead Plaintiff's Counsel and to Lead Plaintiff. The Court may adjourn the Settlement Hearing without further notice to Members of the Class.

5.  The Court approves, as to form and content, the Notice of Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and Summary Notice annexed as Exhibits A-1, A-2, and A-3 hereto and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and

form set forth in ¶¶7-8 of this Order meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

6. The date and time of the Settlement Hearing shall be added to the Notice and Summary Notice before they are mailed and published, respectively, in accordance with ¶7, below.

7. The Court appoints the firm of Gilardi & Co. LLC ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

  (a) Not later than May 19, 2014 (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Proof of Claim, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by First-Class Mail to all Class Members who can be identified with reasonable effort and to be posted on its website at www.AdvantaSecuritiesSettlement.com;

  (b) Not later than May 29, 2014, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *Investor's Business Daily* and once over the *Business Wire*; and

  (c) Not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

8. Any nominee who purchased or otherwise acquired Advanta Class A and/or Class B common stock between October 16, 2006 and January 30, 2008, inclusive, for the benefit of another Person shall send the Notice and the Proof of Claim to all such beneficial owners of Advanta Class A and/or Class B common stock within seven (7) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within seven (7) days of

receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners. Such nominees shall be entitled to reimbursement from the Settlement Fund for their reasonable expenses actually incurred in carrying out the requirements of this paragraph.

9. Any person falling within the definition of the Class who desires to request exclusion from the Class shall do so within the time set forth and in the manner described in the Notice. Unless the Court orders otherwise, no request for exclusion shall be valid unless it is made within the time set forth and in the manner described in the Notice.

10. All Members of the Class shall be bound by the provisions of the Stipulation and all determinations and judgments in the Litigation concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Class, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

11. Class Members who wish to participate in the Settlement shall complete and submit Proofs of Claim in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be submitted no later than ninety (90) days from the Notice Date. Any Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court. Notwithstanding the foregoing, Lead Counsel may, in their discretion, accept for processing late claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.

12. Any Member of the Class may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

13. All proceedings in the Litigation are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation. Pending final determination of whether the Settlement should be approved, neither the Lead Plaintiff nor any Class Members, either directly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Persons, any action or proceeding in any court or tribunal asserting any of the Released Claims, regardless of whether or not any such Class Member has appeared in the Litigation.

14. Any Member of the Class may appear and show cause, if he, she or it has any reason why the Settlement of the Litigation should or should not be approved as fair, reasonable, and adequate, or why the Final Order and Judgment should or should not be entered thereon substantially in the form annexed as Exhibit B and C to the Stipulation, why the Plan of Allocation should or should not be approved as fair, reasonable, and adequate, or why attorneys' fees and expenses should or should not be awarded to Lead Plaintiff's counsel or Lead Plaintiff; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Final Order and Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or the attorneys' fees and expenses to be awarded to Lead Plaintiff's counsel or Lead Plaintiff, unless written objections and copies of any papers and briefs in support of said objections and proof of membership in the Class are received by Jeffrey D. Light, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101; and Michael L. Kichline, Dechert LLP, Cira Centre, 2929 Arch Street, Philadelphia, PA 19104, on or before July 3, 2014, and said objections, papers, and briefs are filed

with the Clerk of the United States District Court for the Eastern District of Pennsylvania, James A. Byrne United States Courthouse, 601 Market Street, Philadelphia, PA 19106, on or before July 3, 2014. Any Member of the Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement as incorporated in the Stipulation, to the Plan of Allocation, and to the award of attorneys' fees and expenses to Lead Plaintiff's counsel, unless otherwise ordered by the Court.

15. All funds held by the Escrow Agent shall be deemed and considered to be in the custody of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned to the Person(s) paying the same pursuant to the Stipulation and/or further order(s) of the Court.

16. All motions and papers in support of the Settlement, the Plan of Allocation, and any application by counsel for the Lead Plaintiff for attorneys' fees and expenses and interest thereon shall be filed and served no later than fourteen (14) calendar days prior to the objection deadline in ¶14, or June 19, 2014. Any reply papers shall be filed no later than seven (7) calendar days prior to the Settlement Hearing.

17. All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Lead Plaintiff, any Plaintiff, nor any of their counsel, including Lead and Liaison Counsel shall have any obligation to repay any amounts incurred or properly disbursed pursuant to ¶¶2.6 or 2.7 of the Stipulation.

18. If for any reason the Stipulation is not approved, or is terminated, cancelled, or fails to become effective for any reason, this Order, and any judgment or order entered by the Court in

accordance with the terms of the Stipulation, shall be treated as vacated, *nunc pro tunc*, and the provisions of ¶¶1.1-1.33, 2.2, 2.6-2.8, 6.3-6.4, 7.4-7.5 and 8.3-8.4 of the Stipulation shall apply.

19. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of this Order or the Stipulation.

20. The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

21. If the Stipulation and the Settlement set forth therein is not approved or consummated for any reason whatsoever, the Stipulation and Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Settling Parties *status quo ante*.

IT IS SO ORDERED.

DATED: April 21, 2014

THE HONORABLE CYNTHIA M. RUFE
UNITED STATES DISTRICT JUDGE