UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WESTERN PENNSYLVANIA ELECTRICAL<br>EMPLOYEES PENSION FUND, Individually<br>and on Behalf of All Others Similarly Situated, )<br><br>Plaintiff,<br><br>vs.<br><br>DENNIS ALTER, et al.,<br><br>Defendants. | Civil Action No. 2:09-cv-04730-CMR<br><br>CLASS ACTION |

FILED

AUG 0 4 2014

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

### ORDER APPROVING THE SETTLEMENT AND ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court for hearing pursuant to an Order of this Court, dated April 21, 2014, on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation of Settlement dated as of March 13, 2014 (the "Stipulation"). Due and adequate notice having been given of the Settlement as required in said Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      This Order Approving the Settlement and Order of Dismissal with Prejudice incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings set forth in the Stipulation.

2.      This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Settlement, including all Members of the Class.

3.      The Court hereby finally certifies a Class defined as: "all Persons who purchased or otherwise acquired Advanta Class A and/or Class B common stock between October 16, 2006 and January 30, 2008, inclusive, excluding all Defendants, their families or any trust of which any Defendant is the settler or which is for the benefit of any Defendant's family. Also excluded from the Class are those Persons who validly and timely request exclusion from the Class."

4.      With respect to the Class, this Court finds for purposes of effectuating this Settlement that (a) the Members of the Class are so numerous that joinder of all Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual questions; (c) the claims of the Lead Plaintiff are typical of the claims of the Class; (d) Lead Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature

- 1 -

of any litigation concerning the controversy already commenced by Members of the Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

5.    Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Class, the Complaint, the Litigation, and all of the Released Claims against the Released Persons, are hereby dismissed without costs and with prejudice in full and final discharge of any and all Released Claims belonging to Lead Plaintiff, and the other Members of the Class, and all other Releasing Persons that were or could have been asserted as against each and all of the Released Persons.  The parties are to bear their own costs, except as otherwise provided in the Stipulation.

6.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable, and adequate to, and is in the best interests of the Class, and each of the Class Members. This Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Lead Plaintiff, the Class Members, and the Defendants.  Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and provisions.  The Settling Parties are hereby directed to perform the terms of the Stipulation.

7.    Upon the Effective Date, the Lead Plaintiff, each and every Class Member, and all other Releasing Persons shall be deemed to have, and by operation of this Final Order and the Judgment shall have (a) fully, finally, and forever waived, released, relinquished, discharged, and dismissed each and every one of the Released Claims against each and every one of the Released Persons, and (b) covenanted not to sue the Released Persons with respect to all Released Claims,

- 2 -

whether or not such Class Member executes and delivers the Proof of Claim and Release form, and whether or not such Class Member shares in the Settlement Fund.

8.     Upon the Effective Date, Lead Plaintiff, each and every Class Member, and all other Releasing Persons shall be forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or any other forum, asserting the Released Claims against any of the Released Persons.

9.     Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of this Final Order and the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiff, each and all of the Class Members, Lead Counsel, and Plaintiffs' counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.  The claims released in this paragraph do not include any claims to enforce or for breaches of the Stipulation.

10.     The distribution of the Notice of Proposed Settlement of Class Action, and the publication of the Summary Notice as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances, including individual notice to all Members of the Class who could be identified through reasonable effort.  Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, and any other applicable law.

- 3 -

11.     Any plan of allocation submitted by Lead Plaintiff's counsel or any order entered regarding the attorneys' fee and expense application shall in no way disturb or affect this Final Order or the Judgment and shall be considered separate from this Final Order and the Judgment.

12.     Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used in the Litigation or any other proceeding, whether civil, criminal, or administrative, as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of any of the Released Persons; or (b) is or may be deemed to be or may be used in the Litigation or any other proceeding, whether civil, criminal, or administrative, as an admission of, or evidence of, any fault, misrepresentation, omission, or violation of law by any of the Released Persons; or (c) is or may be deemed to be and may be used as an admission or evidence that any claims asserted by Lead Plaintiff was not valid, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. The Released Persons may file the Stipulation, this Final Order and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13.     Without affecting the finality of this Final Order and the Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing, and administering the Stipulation and/or the Settlement.

- 4 -

14.     The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with and satisfied the requirements of Federal Rule of Civil Procedure 11.

15.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned pursuant to the terms of the Stipulation to such Person(s) that paid the Settlement Amount, then this Final Order and the Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

IT IS SO ORDERED.

DATED: August 4, 2014

THE HONORABLE CYNTHIA M. RUFE
UNITED STATES DISTRICT JUDGE

- 5 -

# EXHIBIT 1

AS OF JULY 28, 2014

NO REQUESTS FOR EXCLUSION

HAVE BEEN RECEIVED